[No. 733.]
## A. A. YOUNG, RESPONDENT, *v.* F. W. CLUTE, APPELLANT.

POWER OF COURT TO REVOKE ORDER OF CONTINUANCE AND APPOINT A REFEREE.—The court, after continuing the cause for the term, vacated the order of continuance, and referred the cause to a referee: *Held,* that this action of the court was not erroneous.

IDEM—POWER OF A REFEREE.—The referee, after the order of reference is made, has the same power to continue the hearing, from time to time, as the court would have had if the case had been tried before it without a jury.

FINDINGS OF COURT—WHEN SHOULD BE MADE SPECIFIC.—In the settlement of partnership accounts, the referee, in a general finding, allowed appellant a certain sum of money without giving a statement of the particular accounts allowed: *Held,* that appellant, if he desired to have the account reviewed, should have asked for a specific finding containing an itemized statement of the accounts allowed, and also a statement of the particular accounts disallowed by the referee.

DISSOLUTION OF COPARTNERSHIP—PAYMENT OF TAXES.—Where an agreement was made between C. and Y., copartners, that the partnership existing between them should be dissolved; that C. should take all the real estate and personal property of the firm at a certain value, nothing being said about the taxes then existing against the property; that C. should pay the indebtedness of the firm included in a certain list, and that the liability of the firm, not included in the list, should be paid out of money

collected from the outstanding accounts due the firm: *Held*, that the taxes should be paid out of the copartnership's funds.

IDEM—COSTS.—The allowance or disallowance of costs in actions to settle copartnership accounts is within the discretion of the court.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts are sufficiently stated in the opinion.

*Robert M. Clarke*, for Appellant:

The referee erred in refusing to allow the account paid by Clute, for taxes, against the firm property.

This tax was a debt for the payment of which Clute and Young were jointly and severally personally liable; (Rev. Laws., sec. 6, 12, 25, 29, 35; 2 Comp. Law, sec. 3130, 3136, 3149, 3153, 3159; *People* v. *Seymour*, 16 Cal. 332; *Perry* v. *Washburn*, 20 Cal. 318, 351; *City of Oakland* v. *Whipple*, 39 Cal. 115,) and was a lien upon the property assessed, not to be satisfied or removed without payment of the tax or sale of the property for taxes. (Vol. 2 Comp. Laws, secs. 27, 31.)

The tax became a personal charge against the parties, and a lien upon their property from and after the first Monday in April.

No informality in the assessment could operate to terminate the liability or discharge the lien. The liability existed without the assessment. The assessment is but a means to fix the amount of the tax. The assessment is sufficient to fix the amount of the tax, and any informality which exists is immaterial, and not a defense. (2 Comp. Laws, sec. 3156.)

Clute paid the tax for the firm as its agent, and as the agent of Young. He made the payment in good faith, and Young is bound by the act, notwithstanding the court may be of opinion that by litigation payment could have been avoided. (7 Paige, ch. 483; 1 Edw. ch. 104.)

*Bishop & Sabin*, also for Appellant:

I. The conversations of Clute and Young were merged in the written agreement. (10 Cal. 106; 12 Cal. 168; 1 Greenl.

on Ev. secs. 87, 275–7; 281–2; 1 Phillips on Ev., notes 547, 555, 561–7; 2 Parsons on Cont. 60–3.)

II. It was the duty of each former partner, after dissolution, to collect in the debts due the firm, and discharge its liabilities. (Story on Part., sec. 326–8 *et seq.*) The entry of judgment for costs against the defendant Clute is erroneous. (7 Paige, Ch. Rep. 483; 2 Daniels Ch. Pr. 1400.)

*A. B. Hunt,* for Respondent:

I. Under the general finding, it is impossible to tell what particular accounts were allowed by the referee. As there is no specific finding upon this point, the court will not review the action of the referee. (*Warner* v. *Holman,* 24 Cal. 229; *Cook* v. *Pablo de la Guerra,* 24 Cal. 241; *Lyons* v. *Leimback,* 29 Cal. 140; *Lucas* v. *City of San Francisco,* 28 Cal. 596; *James* v. *Williams,* 31 Cal. 212; *Merrill* v. *Chapman,* 34 Cal. 252; *Morrill* v. *Chapman,* 35 Cal. 87; *Smith* v. *Cushing,* 41 Cal. 99; *Poppe* v. *Athearn,* 42 Cal. 617; *State* v. *Manhattan S. M. Co.,* 4 Nev. 336; *Warren* v. *Quill,* 9 Nev. 263.)

II. Clute does not claim anything paid for taxes for the benefit of the firm. He only claims that he paid debts amounting to two thousand three hundred and sixty-six dollars and nineteen cents.

A tax is not a debt. In its general acceptation, a debt is a sum of money due by contract, express or implied. A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract; it does not establish the relation of debtor and creditor between the taxpayer and the State; it does not draw interest; it is not the subject of attachment; and it is not liable to set-off. It owes its existence to the action of the legislative power, and does not depend for its validity or enforcement upon the individual assent of the taxpayer. It operates *in invitum.* (*City of Camden* v. *Allen,* 2 Dutcher's New Jersey, 398; *Pierce* v. *City of Boston,* 33 Met. 520; *Shaw* v. *Pickett,* 26 Vt. 482; *Perry* v. *Washburn,* 20 Cal. 350; *Clark* v. *Nevada Land and Mining Company,* 6 Nev. 208; *Lane County* v. *Oregon,* 7 Wall. 71.)

Hence, upon no rational view of the subject could taxes in this State be called debts; and if not debts, when the defendant paid the taxes on the third day of November, 1873, he paid no debt of the firm of Clute & Young.

III. As the foundation of the right to recover and the obligation to pay a tax are based upon a valid assessment—an invalid assessment and the tax levied thereon impose no obligation to pay the taxes so levied, and create no lien on the property so assessed. (*People* v. *Travis*, 37 Cal. 262.)

The assessment in this case was utterly void and imposed no obligation to pay the tax, and created no lien on the property assessed. (*Wright* v. *Cradlebaugh*, 3 Nev. 345.)

. IV. Admitting that the reasons assigned by the court for not allowing the amount paid for taxes are wrong, still if the court arrived at the correct conclusion, the judgment should be sustained. (*Bolton* v. *Stewart*, 29 Cal. 615; *Grant* v. *Moore*, 29 Cal. 644; *Coghill* v. *Marshall*, 29 Cal. 673.)

By the Court, HAWLEY, C. J.:

On the eighth day of September, A. D. 1873, the copartnership which had for a period of nearly three years previously existed between the plaintiff and defendant as equal copartners in the business of merchandising at Pioche, in Lincoln county, Nevada, under the firm name of Clute & Young, was dissolved by mutual consent.

The defendant took all the real estate and personal property, goods, wares and merchandise of the firm at the value named in the inventory, to wit: thirty-three thousand two hundred and six dollars and thirty-seven cents.

On the twentieth day of October, A. D. 1873, when the invoice was completed, and the value of the property ascertained, a statement was prepared showing the amount of the indebtedness of the firm to certain parties in the State of California from whom the firm had bought goods, together with certain accounts which the firm owed in Pioche, Nevada, in all amounting to the sum of nine thousand five hundred and twelve dollars and twenty-nine cents, which indebtedness the defendant assumed and agreed to pay; and this amount, together with plaintiff's personal indebtedness

to the firm of six hundred and sixteen dollars and eleven cents, was by the agreement of the respective parties deducted from the total value of the property, and the defendant then paid to plaintiff one-half of the remainder. The plaintiff executed and delivered to defendant a deed of all his right, title and interest in the real estate, and surrendered up and delivered to defendant the possession of all his right, title and interest in the stock of goods, wares and merchandise, and all the personal property belonging to or owned by the firm, except the money on hand and the accounts due and owing to the firm.

The indebtedness of the firm in connection with their business at Pioche, not included in the list of nine thousand five hundred and twelve dollars and twenty-nine cents, was to be paid out of the accounts due the firm when collected.

This suit was commenced on the fifth day of March, A. D. 1874, to compel an accounting of the copartnership transactions after the dissolution. The court, after continuing the cause for the term, vacated the order of continuance and referred the cause to a referee, "to report the testimony, findings of fact, conclusions of law and submit a judgment."

After the cause was referred the hearing was continued by the consent of the respective parties from time to time, and was not finally submitted to the referee until after the expiration of the term of court at which the order of reference was made.

The referee reported a judgment in favor of the plaintiff for one thousand four hundred and fifty-one dollars and forty-two cents, with costs of suit taxed at five hundred and thirty-five dollars and thirty-five cents, which was entered as the judgment of the court. The defendant moved for a new trial, which was refused. This appeal is taken from the judgment and also from the order overruling defendant's motion for a new trial.

First. It is claimed by appellant that the court erred in vacating the order of continuance, and that the referee lost jurisdiction of the case by the lapse of the term of court at which he was appointed. Neither of these positions are

maintainable. It was proper for the court, upon good cause shown, in the exercise of its sound discretion, to vacate the order of continuance and to refer the cause. After the reference was made the referee had the same power to continue the hearing, from time to time, as the court would have had if the case had been tried before it without a jury.

Second. It is contended by appellant that the statement of the indebtedness of nine thousand five hundred and twelve dollars and twenty-nine cents, which he admits he assumed and agreed to pay, was not a complete list of the indebtedness of the firm; that several of the accounts contained therein were not accurately made out, and that upon settlement thereof, he was compelled to pay a greater sum than was therein specified. He denies that the list when made out was agreed to as correct, and, upon this point there is a direct conflict of testimony. He claims that the referee erred in not allowing him all the various items and accounts which he claimed he had paid for the firm, in excess of the sum of nine thousand five hundred and twelve dollars and twenty-nine cents.

He prepared a statement showing that he had paid various accounts against the firm in excess of said sum, amounting in the aggregate to the sum of four thousand three hundred and fourteen dollars and thirty-two cents, and of this amount the referee in a general finding allowed him the sum of one thousand and ninety-one dollars and fourteen cents. We think there is such a conflict of evidence as to the amount of the accounts actually paid by appellants as to fully warrant the conclusion reached by the referee. But, independent of this question, it is sufficient for us to state that it is impossible from the findings of the referee to designate with any degree of certainty the particular items of the accounts allowed by him in making up the total of one thousand and ninety-one dollars and fourteen cents, and hence it is impossible for us to determine what particular accounts were disallowed by him, except those mentioned in his report and referred to in the opinion of the court overruling defendant's motion for a new trial. If appellant desired to have the several accounts paid out by him reviewed by this

court, he ought to have asked for a specific finding containing an itemized statement of the accounts allowed, and also a statement of the particular accounts disallowed by the referee.

Third. Did the referee err in refusing to allow appellant the sum of six hundred and eighty-eight dollars and forty-five cents, the amount paid for taxes levied upon the property of the firm of Clute & Young, for the year 1873?

This is the only difficult question presented in this case. The property was assessed and taxes levied prior to the sale of Young's interest to Clute. It is not alleged in the complaint that Clute assumed or agreed to pay any indebtedness of the firm not included in the list of nine thousand five hundred and twelve dollars and twenty-nine cents; nor is it averred that Clute assumed or agreed to pay any indebtedness or liability of the firm in the State of Nevada. The allegations of the complaint are that defendant Clute assumed and agreed to pay "all debts contracted by, and due or owing from said firm to any and all parties or firms in San Francisco, and all debts due or owing from said firm to said defendant." Nothing was said about the taxes at the time of the dissolution.

From the pleadings and the proofs, we think the true intent and meaning of the agreement of the copartners at the time of the dissolution was that all the indebtedness and liability of the firm in the State of Nevada, not included in the list of nine thousand five hundred and twelve dollars and twenty-nine cents, was to be paid out of money collected from the outstanding copartnership accounts; and, as the tax was an existing liability against the firm at the time of the dissolution; and was not included in the list of indebtedness which Clute assumed and agreed to pay, it follows that the referee erred in refusing to allow this account.

This, however, is not such an error as to call for a reversal of the case. The judgment can be modified so as to conform to the views herein expressed.

Fourth. By the provisions of our statute the allowance or disallowance of costs in actions like this is left to the discretion of the court. (1 Comp. L., 1539,) and from an ex-

amination of the testimony in this case we are satisfied that the court did not abuse its discretion in allowing costs in favor of the plaintiff.

The judgment of the district court is modified by reducing the amount of the judgment to the sum of one thousand one hundred and seven dollars and twenty cents, and costs. Appellant to recover the costs of this appeal.